(C.D. 2433)

DAIDO CORPORATION *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 19, 1964)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *John W. Douglas*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

Before Lawrence, Rao, and Ford, Judges

Lawrence, Judge: The two protests enumerated above, and consolidated for purposes of trial and decision, controvert the classification by the collector of customs of certain importations of chain as chains of iron or steel, used for the transmission of power, not over 2-inch pitch, and containing more than three parts per pitch, in paragraph 329 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 329), as modified by the Presidential proclamation to the protocol of terms of accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877, and the assessment of duty thereon at the rate of 12½ per centum ad valorem.

It is the contention of plaintiff herein that the items of merchandise in issue should properly have been classified as agricultural implements or parts thereof within the purview of paragraph 1604 of the Tariff Act of 1930 (19 U.S.C. § 1201, par. 1604), which grants entry free of duty.

For ready reference, we here set forth the applicable provisions of the statute.

Paragraph 329 of the Tariff Act of 1930, as modified, *supra:*

Chains of iron or steel, used for the transmission of power, of not more than 2-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished, valued per pound—

    Under 40 cents * * *
    40 cents or more_____ 12½% ad val.

Paragraph 1604 of said act, *supra:*

Par. 1604. Agricultural implements: Plows, tooth or disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture

of sugar, wagons and carts, cream separators valued at not more than $50 each, and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

At the call of this case for trial, plaintiff presented the testimony of two witnesses on its behalf. The first of them was Kinichi Iwata who, for the past 9 years, has been manager of the New York office of Daido Corporation, plaintiff herein. The Daido Corporation is an importer, exporter, and distributor of various merchandise, including roller chain. Witness Iwata is familiar with the merchandise covered by the three shipments before the court and stated that he has purchased said roller chain specially from the factory in Japan to meet the specifications of the purchaser, Long Manufacturing Co. of Tarboro, N.C. The three sales invoices of the items sold by Daido Corporation to the Long Manufacturing Co. were received in evidence as plaintiff's collective exhibit 1. The witness testified that the instant chains are unique, in that they are entirely different from the chains his company usually imports. He stated he has never sold such chain to anyone other than the Long Manufacturing Co., and he has never known of such chains being used by anyone for purposes different from those of the Long Manufacturing Co.

As plaintiff's collective exhibit 2, there was received in evidence a chain and the container in which it was imported, which was stated to be representative of item part number 05509 on invoice, dated March 29, 1960, covered by entry 02602, accompanying protest 61/11271.

As some of the transmission chains with which he is familiar, Iwata mentioned roller chains, silent chains, and block chains, all of which have three or more parts per pitch. Exhibit 2 in the instant case is one kind of roller chain. A silent chain was received in evidence as plaintiff's illustrative exhibit 3 and a block chain as plaintiff's illustrative exhibit 4.

On cross-examination, reference was made to Machinery's Handbook, 16th edition, 1959, pages 968, 969, 970, and 971, photostatic copies of which pages were received in evidence as defendant's illustrative exhibit A. The witness stated that the imported chains are substantially the same as depicted in defendant's exhibit A as to pitch, roller dimension, standard chain number, and width, but that the length was different.

The witness testified that the chains represented by exhibit 2 are used for the transmission of power and are standard transmission roller chains. The involved chains are made of iron or steel, are not over 2-inch pitch, consist of more than three parts per pitch, and are valued at over 40 cents per pound. As imported, the chains are finished products, ready for use.

Willie Denton was called to testify as plaintiff's second witness. He stated that he is sales representative for eastern North Carolina for the Long Manufacturing Co. of Tarboro, N.C., which company makes and sells farm machinery to farmers.

When shown the three invoices in evidence as collective exhibit 1, Witness Denton testified that he was familiar with the merchandise and knew how it is used, namely, as a conveyor chain on a tobacco harvester, and as a drive chain on a peanut combine. Denton produced four pamphlets, which were received in evidence as plaintiff's collective illustrative exhibit 5. Inked markings thereon identified the chains covered by the invoices (collective exhibit 1) and illustrated where they appear on apparatus manufactured by his company, except for the first three items on the invoice of May 15, 1961, which covers chains received and shipped to Herring Manufacturing Co. of Lewisburg, N.C., which manufactures similar peanut combines. Indicated as 5–A on said exhibit is a Silent Flame all-purpose tobacco harvester, with which certain of the imported chains are used and form necessary parts of said harvester, without which the apparatus could not operate efficiently for its intended purpose. The witness identified the mechanism indicated as exhibit 5–B as a peanut combine, a machine used for harvesting peanuts, which is a type of thrashing machine. The apparatus, as illustrated, could not operate efficiently for its intended purpose without the chains indicated thereon, and the witness did not know of any other or different use for such chains. Like testimony was given by Witness Denton as to the essentiality of the chains indicated on exhibits 5–C and 5–D, a Silent Flame standard model tobacco harvester and a Long bale conveyor, respectively, it being the testimony of the witness that said chains are necessary to the efficient use of the machines and that he does not know of any other or different uses for said chains.

Denton testified that he has seen all of the implements illustrated in plaintiff's collective illustrative exhibit 5 used and that he has personally used said devices. Of his own knowledge and information, all of said apparatus is used by farmers on farms.

Even granting, *arguendo*, that the imported chains are essential and integral parts of agricultural implements, without which said devices could not function, there would still remain to be determined whether the chains in controversy come within the proviso of paragraph 1604 of the Tariff Act of 1930, which excludes from free entry any articles specified by name in title I. It is on the latter point that the parties hereto have placed their emphasis in the briefs filed herein.

Plaintiff makes reference to the case of *Davies, Turner & Co.* v. *United States*, 40 CCPA 193, C.A.D. 517, wherein certain bicycle chains, classified by the collector of customs as parts of bicycles in

paragraph 371 of the Tariff Act of 1930, were claimed to be properly classifiable as chains of iron or steel, used for the transmission of power, of the kind provided for in paragraph 329 of said act, as modified. The classification by the collector of customs was affirmed for failure of the plaintiff to show that said chains were used for purposes other than on bicycles. The *Davies* case is deemed, therefore, to have little, if any, bearing on the present controversy.

Another case relied upon by plaintiff is *United States* v. *Compania Azucarera Del Camuy, Inc.*, 45 CCPA 4, C.A.D. 664, wherein the appellate court affirmed the decision below in holding that certain sugar cane slings, classified as chains of iron or steel in paragraph 329 of the Tariff Act of 1930, as modified, properly came within the agricultural implements provision of paragraph 1604 of said act. In so holding, the appellate court gave due consideration to the proviso in said paragraph 1604 which excluded any article specified by name in title I of the tariff act. The language of the provision of paragraph 329 of the tariff act, as modified, involved in the *Compania Azucarera* case, *supra*, reads: "Chain and chains of all kinds, made of iron or steel * * *," and is subject to the proviso contained in paragraph 329 of the basic tariff act which states—

That all articles manufactured wholly or in chief value of chain shall not be subject to a lower rate of duty than that imposed upon the chain of which it is made, or of which chain is the component material of chief value.

The court held that the sugar cane slings were not specified by name in said paragraph 329, but would only fall within the purview of said paragraph, by virtue of the proviso therein. It was the conclusion of the court that the broad language of the proviso in paragraph 329, above set forth, did not specify by name the sugar cane slings there in issue.

Reference has also been made to the case of *United States* v. *J. A. Freeman & Son*, 29 CCPA 103, C.A.D. 177, wherein the classification of certain steel balls, roller bearings, chains, rivets, bolts, and nuts was in issue. In said case, the competition was between the agricultural implements provision of paragraph 1604 and various specific paragraphs in title I of the tariff act. The chains there in issue were for use on a Milwaukee mower, an agricultural implement, but the court held they were excluded from the provisions of paragraph 1604, due to the fact that the articles were specified by name as chains, used for the transmission of power, in paragraph 329 of the tariff act.

Plaintiff, in its brief, endeavors to distinguish the *Freeman* case, *supra*, from the instant one, on the ground that—

* * * the parties litigant [in the *Freeman* case] made no effort to enlighten the court about the "general class" nature of that provision, it being more or

less conceded by both parties that a "general class" provision was not involved. * * *

We believe this contention is without merit, however, in view of the recent decision of this court in *R. W. Smith* v. *United States*, 51 Cust. Ct. 117, C.D. 2417. The proviso to paragraph 1604 and the applicability of the words "specified by name" contained therein were subjects of consideration.

Before the court, in the *Smith* case, was an importation of "band or hoop, iron or steel, cut to lengths, or partly or wholly manufactured into hoops or ties, for baling cotton or any other commodity," which was classified for duty in paragraph 314 of the tariff act, as modified. In seeking the benefit of entry free of duty as agricultural implements in paragraph 1604, it was the position of plaintiff therein that the excluding language of the proviso was inapplicable, because the imported articles known and sold as "cotton bale ties" were not "specified by name" in paragraph 314, *supra*. This court was of the opinion, however, that it would be difficult to conceive of a more definite specification of an article than was set forth in paragraph 314 with respect to the commodity there under consideration, since it was "described by material (steel); manipulated (cut to lengths) and wholly manufactured; specified by name (ties); and finally identified by use (for baling cotton)."

We are of the opinion that the reasoning applied to the *Smith* case also applies with particular aptness to the factual and legal situation here presented.

It is important to note the great particularity with which the provision invoked by the collector of customs is expressed, namely, (1) chains of iron or steel, (2) used for the transmission of power, (3) of not more than 2-inch pitch and containing more than three parts per pitch, (4) finished or unfinished, and (5) valued at 40 cents per pound or more.

The record before the court, in the instant case, discloses that the imported chains meet the foregoing specifications of the tariff provision in every particular. It would be difficult, if not impossible, to find language which would describe as accurately and completely the merchandise before the court which, in our view, constitutes a specification by name of the chains in issue. It follows, therefore, that they are excluded from the benefit of entry free of duty, by virtue of the proviso of paragraph 1604 of the Tariff Act of 1930, and we so hold.

Other cases cited by the parties in their briefs have been given consideration, but they contain nothing which would deter us from the conclusion herein reached.

All claims in the above-enumerated protests are overruled.

Judgment will be entered accordingly.